IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01450-CMA-BNB

TIMOTHY BRANSTETTER,

Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, L.L.C., a Kansas limited liability company,

Defendant.

---

## ORDER

---

Now before me are the following:

(1)     **Plaintiff's Motion to Compel** [Doc. # 30, filed 10/7/2013]; and

(2)     **Plaintiff's Unopposed Motion to Extend the Discovery Cutoff Date and the**

**Dispositive Motion Deadline** [Doc. # 35, filed 11/7/2013] (the "Motion to Extend").

This is an action under the Fair Debt Collection Practices Act.  The amount in

controversy is limited to statutory damages of $1,000.00; actual damages, which are not sought

in this case; and attorneys fees.  The conduct of counsel in this action (and others) has burdened

the court in a manner completely disproportionate to the trivial issues presented.

It is apparent to me that both sides are engaged in abusive litigation conduct.  Plaintiff's

counsel has served obviously burdensome discovery requests, not because the information

sought is necessary to prepare the case for trial or, in many instances, even relevant to the claims

and defenses, but to increase the cost and burden on the defendant in an attempt to force a

settlement or, if there is no settlement, to increase the amount of attorneys fees which may be

claimed in the event the plaintiff prevails.  On the other hand, the defendant has failed to answer discovery which is relevant and has otherwise conducted itself in a manner intended to or resulting in an obstruction of the pretrial process; failed to respond to the Motion to Compel; and defense counsel has repeatedly (in this action and others) sought last-minute continuances of hearings.[1]  It is not apparent whether this misconduct is purely abusive strategy, the result of animus among counsel, or a combination.  In any event, I will not tolerate it.

The discovery misconduct of the parties identified above precludes a finding of good cause to extend any deadlines.

IT IS ORDERED:

(1)     The Motion to Compel [Doc. # 30] is DENIED.

(2)     Counsel are directed meaningfully to confer as required under D.C.COLO.LCivR 7.1A and to reach agreement on additional discovery necessary to the preparation of the case for trial and to provide that discovery.  In the event a full agreement cannot be reached, the plaintiff may file a renewed motion to compel; counsel and parties will be required to attend the hearing on the renewed motion to compel in person; and I anticipate imposing severe sanction, beyond attorneys fees, to any party that I find has conducted itself in a manner inconsistent with the discovery rules.

(3)     The Motion to Extend [Doc. # 35] is DENIED.

(4)     The hearing set for this afternoon at 1:30 p.m., is VACATED.

---

[1]If, as has been alleged here and in other instances, defense counsel's daughter is in such ill health as to prevent defense counsel from meeting his professional obligations, he should not accept the work or should engage an associate or co-counsel.

Dated November 20, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge